### 11622. MOLHO *v.* JOHNSON.

SMITH, J. 1. The excerpt from the charge of the court complained of in the 1st ground of the amendment to the motion for a new trial contains a correct statement of the law applicable to this case and was not erroneous for any of the reasons alleged.

2. While in the excerpt from the charge of the court complained of in the 2d ground of the amendment to the motion for a new trial the use of the word "incriminating" was inaccurate, the whole charge on the subject of impeachment of witnesses by contradictory statements fairly stated the law on this subject, and the inaccuracy in this particular does not require a reversal.

(*a*) The evidence justified the charge on impeachment of witnesses by contradictory statements.

3. The evidence was sufficient to authorize the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED OCTOBER 19, 1920.

Trover; from city court of Savannah — Judge Rourke. May 22, 1920.

Molho sought to recover from Johnson by trover an automobile bought by the defendant from Conway, who had obtained it from the plaintiff in a trade which the plaintiff contended was not completed. The verdict was for the defendant.

1. For the reasons that "an erroneous idea as to the meaning of preponderance of evidence" was conveyed to the jury by the quoted instruction on that subject, and that, coming in the charge in the order that it did, "without charging fully the law on preponderance of evidence," it could be construed as an expression of opinion that the state of facts on which the judge had just charged was not fully proved, the first ground of the amendment to the motion for a new trial alleges that the court erred in charging as follows: "If the plaintiff in this case agreed with one Conway to purchase a certain business and personal property, and in pursuance of such transaction delivered and conveyed an automobile in part payment of the money, with the intention then and there on the part of Molho to

pay the balance upon some subsequent date, I charge you that Conway would be authorized to sell the machine to Mr. Johnson or any other person. If the machine had not been delivered to Conway, or if it had been in his possession — that is, Conway's possession — but with the understanding upon the part of Molho and Conway that the title would not pass until it had been investigated by counsel, then he would not be authorized to sell the machine. I charge you, however, that you must base your verdict in the case upon the feature which carries the preponderance of evidence. I charge you that if the car had been delivered to Conway without any restrictions, and had been delivered to him as part payment in the transaction, and the plaintiff had entered into possession of the property and exercised acts of ownership over it, under these circumstances Conway would be authorized to sell the machine."

2. For the reasons that "no foundation was laid for impeaching the witness, and it was not proven that he made the statements about which he was asked," and that in charging as to "alleged incriminating contradictory statements" the use of the word "incriminating" was calculated to prejudice the jury against the plaintiff's evidence or to make the impression that he had committed perjury or an offense against the law, it is alleged that the court erred in charging as follows: "A witness may be impeached by contradictory statements made by him as to material matters involved in the case. Before this can be done it is incumbent that the witness's attention be called to the time, place, and circumstances of the alleged incriminating or contradictory statements. If you believe that the witness has been successfully impeached in in the mode mentioned, you should disregard his testimony. The question of the credibility of the witness is a matter solely and exclusively for the jury to determine, as is the question of whether or not the witness has been impeached." The ground in which these instructions are complained of states: "Witness was asked the question, 'Did you not tell Mr. Johnson in my office, in my presence, that you paid Conway $150, and had delivered him the car on account of the business?' He denied making this statement. Mr. Johnson, the defendant in the case, testified that Mr. Molho told him in Major Richter's office that he paid Conway $150, in addition to giving him the electric car for the business."

*Columbus E. Alexander,* for plaintiff.

*George H. Richter,* for defendant.